IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

MONTE CRISTIA,

                        Plaintiff,

v.                                               CIVIL ACTION NO.   2:19-cv-00233

PEOPLES BANK,

                        Defendant.

**PROPOSED FINDINGS & RECOMMENDATION**

      This matter is assigned to the Honorable Joseph R. Goodwin, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).  (ECF No. 3.)   Before this Court is the complaint filed by Plaintiff Monte Cristia ("Plaintiff").  (ECF No. 2.)   For the reasons explained more fully herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS WITH PREJUDICE** Plaintiff's federal claim for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and **DISMISS WITHOUT PREJUDICE** Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367(c).

                                *I.*     *BACKGROUND*

      Plaintiff purports to bring this action "for and on the behalf of" his spouse, Pamela Cristia ("Ms. Cristia").  (ECF No. 2 at 1.)   He alleges that on June 4, 2018, he went to a branch operated by Defendant Peoples Bank ("Defendant") in order to close out an account held by Ms. Cristia that Defendant had "deemed inactive."  (*Id.* at 2.)   He further alleges that he presented "state identification" and "an original of the full power

of attorney granting [him] control over [Ms. Cristia's] affairs without limitations." (*Id.* at 3.) However, according to Plaintiff, Defendant "refused to close the . . . account and refused [to] turn over the funds in the account to [Plaintiff]" because its "attorney would have to approve the Power of Attorney and that would take up to 10 days." (*Id.* at 3–4.) Plaintiff avers that Defendant instructed him to "return in about a week" in order to close the account and collect the funds in the account, but he informed Defendant that he "did not live locally and that he was leaving the area in a few hours." (*Id.* at 3; *see id.* at 2.) Then, according to Plaintiff, Defendant offered to "mail a cashier chech [sic] to the Plaintiff after [Defendant's] counsel approved the [power of attorney]," but Plaintiff informed Defendant that he would "not accept a check" and "would only accept cash" because Ms. Cristia "did not have a bank account" and Plaintiff's "bank did not accept third party checks." (*Id.* at 2, 4.) Plaintiff also alleges that Defendant "did offer to wire the funds . . . but expected the Plaintiff to pay [Defendant's] fees to wire the funds." (*Id.* at 2.) He avers that Defendant began assessing a "monthly inactive fee" on the account "[s]hortly thereafter." (*Id.* at 4.)

Plaintiff brings a disability discrimination claim pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, based on Defendant's alleged failure to "grant[] reasonable accommodation . . . by closing the account and giving the funds to [Plaintiff] when the [power of attorney] was presented to [Defendant]." (*Id.* at 5.) He also brings state-law claims for theft and conversion based on the same conduct (*id.* at 3–5), as well as a state-law claim for breach of contract based on the alleged "monthly inactive fee" charges when the "original account was to be free of monthly fees" (*id.* at 3).

## II.   LEGAL STANDARD

Where, as here, a plaintiff seeks to proceed *in forma pauperis*, this Court has a duty to "screen initial filings . . . to independently assess the merits of *in forma pauperis* complaints" and "exclude suits that have no arguable basis in law or fact." *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006) (citing *Nasim v. Warden*, 64 F.3d 951, 953–54 (4th Cir. 1995)); *see* 28 U.S.C. § 1915(e). This Court must "dismiss a complaint filed *in forma pauperis* 'at any time if [it] determines that . . . the action or appeal . . . is frivolous or malicious . . . [or] fails to state a claim on which relief may be granted.'" *Eriline Co.*, 440 F.3d at 656 (quoting 28 U.S.C. § 1915(e)). When reviewing an *in forma pauperis* complaint for failure to state a claim, this Court applies the same standards that it applies to review a motion filed pursuant to Federal Rule of Civil Procedure 12(b)(6). *Thomas v. Salvation Army S. Territory*, 841 F.3d 632, 637 (4th Cir. 2016) (citing *De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003)).

That is, this Court first "identif[ies] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). This Court then "assume[s] the[] veracity" of the complaint's "well-pleaded factual allegations" and "determine[s] whether they plausibly give rise to an entitlement to relief." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Stated another way, the factual allegations in the complaint "must be sufficient 'to raise a right to relief above the speculative level.'" *Woods v. City of Greensboro*, 855 F.3d 639, 647 (4th Cir. 2017) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint that alleges enough facts "to satisfy the elements of a cause of action created by [the relevant] statute" will survive a motion

3

to dismiss. *Id.* at 648 (quoting *McCleary-Evans v. Md. Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015)). This Court construes a *pro se* plaintiff's allegations "liberally," but the complaint must nonetheless "contain enough facts to state a claim for relief that is plausible on its face." *Thomas*, 841 F.3d at 637 (internal quotation marks omitted).

### III. ANALYSIS

*A. ADA Claim*

"Title III of the ADA prohibits discrimination against disabled individuals that would prevent their 'full and equal enjoyment' of places of public accommodation." *Berthiaume v. Doremus*, 998 F. Supp. 2d 465, 474 (W.D. Va. 2014) (quoting 42 U.S.C. § 12182(a)). As relevant here,[1] unlawful "discrimination includes . . . a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the [defendant] can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations." 42 U.S.C. § 12182(b)(2)(A)(ii). In order to state a cause of action under Title III of the ADA, the complaint must allege facts demonstrating that (1) the plaintiff is disabled as defined by the ADA; (2) the defendant "owns, leases, or operates a place of public accommodation"; and (3) the defendant discriminated against the plaintiff "by denying her a full and equal opportunity to enjoy services provided at such place of public accommodation." *Blue v. Cumberland Cty.*, No. 5:14-cv-86-FL, 2015 WL 164722, at *2 (E.D.N.C. Jan. 13, 2015);

---

1 Although Plaintiff's complaint does not indicate the specific section of the ADA under which he brings his claim, the provisions cited by the undersigned appear to most closely comport with the complaint's allegations. (*See* ECF No. 2 at 5.)

4

*see Grant-Davis v. Bd. of Trustees*, No. 2:15-cv-2676-PMD-MGB, 2017 WL 9360875, at *12 (D.S.C. May 24, 2017) (quoting *Callum v. CVS Health Corp.*, 137 F. Supp. 3d 817, 839 (D.S.C. 2015)), *adopted by* 2017 WL 3634070 (D.S.C. Aug. 24, 2017).  Ultimately, the plaintiff must show that "the disability was 'a motivating cause' of the exclusion." *Halpern v. Wake Forest Univ. Health Scis.*, 669 F.3d 454, 462 (4th Cir. 2012) (quoting *Baird* ex rel. *Baird v. Rose*, 192 F.3d 462, 468–69 (4th Cir. 1999)).

Here, Plaintiff avers that he "suffers from severe anxiety disorder" and that Ms. Cristia "suffers a mental disability." (ECF No. 2 at 5.)  But he has not alleged that those disabilities contributed to Defendant's alleged refusal to "clos[e] the account and giv[e] the funds to [Plaintiff] when the [power of attorney] was presented" or to "close the account and release the funds to the Plaintiff in a reasonable and accommodating manner." (*Id.*)  In fact, he alleges that the reason why Defendant did not "releas[e] the funds and clos[e] the account" was because its "attorney would have to approve the Power of Attorney and that would take up to 10 days." (*Id.* at 4.)  And Plaintiff's request for the "accommodation" that Defendant immediately fax the power of attorney for its counsel to review and give him cash in hand on the spot is, according to Plaintiff, based not on his disability or that of Ms. Cristia but on the fact that he lived in Arizona and stated that he was unable to return to Defendant's branch in seven days after the power of attorney could be reviewed and the fact that Plaintiff refused to accept a cashier's check or pay the fees associated with wiring the funds to another bank account. (*See id.* at 2–4.)

In short, there is simply no indication that Defendant treated Plaintiff any differently than it would have treated any other customer seeking to close an account with a power of attorney.  Plaintiff indeed alleges that Defendant "told the Plaintiff that they

5

were just following their protocol." (*Id.* at 2.) The ADA's measures are not intended to mandate "preferential treatment" of an individual simply because he has a disability. *See Stairwalt v. TIAA*, No. 3;17-cv-00220-MOC-DSC, 2018 WL 3745833, at *5 (W.D.N.C. Aug. 7, 2018) (quoting *Stopka v. Med. Univ. of S.C.*, No. 2:05-cv-1728-CWH, 2007 WL 2022188, at *12 (D.S.C. July 11, 2007)); *Reyazuddin v. Montgomery Cty.*, 276 F. Supp. 3d 462, 475 (D. Md. 2017) (quoting *Pathways Psychosocial v. Town of Leonardtown*, 223 F. Supp. 2d 699, 717 (D. Md. 2002)). However, that is precisely what Plaintiff's claim would require. Accordingly, the undersigned **FINDS** that Plaintiff's complaint fails to state a claim under the ADA.

### B. State-Law Claims

When "the district court has dismissed all claims over which it has original jurisdiction," it "may decline to exercise supplemental jurisdiction" over related state-law claims. 28 U.S.C. § 1367(c)(3); *ESAB Grp., Inc. v. Zurich Ins. PLC*, 685 F.3d 376, 394 (4th Cir. 2012); *see Ragland v. N.C. State Bd. of Educ.*, 714 F. App'x 313, 314 (4th Cir. 2018) (holding that district court properly declined to exercise supplemental jurisdiction over state-law claims after dismissing federal claims pursuant to 28 U.S.C. § 1915(e)(2)(B)). Because this case was initially filed in federal court, the proper course is to dismiss the state-law claims. *Hinson v. Norwest Fin. S.C., Inc.*, 239 F.3d 611, 616 (4th Cir. 2001) ("[A] court may dismiss the claim or, if it was removed, remand it to State court."). The undersigned therefore **FINDS** that it is appropriate to decline to exercise supplemental jurisdiction over Plaintiff's state-law claims and to dismiss them without prejudice.

## IV. RECOMMENDATION

For the reasons stated herein, it is respectfully **RECOMMENDED** that, pursuant to 28 U.S.C. § 1915(e)(2)(B), the presiding District Judge **DISMISS WITH PREJUDICE** Plaintiff's federal claim for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and **DISMISS WITHOUT PREJUDICE** Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367(c).

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, United States District Judge. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b), the parties shall have fourteen (14) days (filing of objections) and three (3) days (mailing) from the date of the filing of this Proposed Findings and Recommendation to file with the Clerk of this Court specific written objections identifying the portions of the Proposed Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Fourth Circuit Court of Appeals. 28 U.S.C. § 636(b)(1); *see Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *Wright v. Collins*, 766 F.2d 841, 846 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).

The Clerk is **DIRECTED** to file this Proposed Findings and Recommendation and to mail a copy of the same to Plaintiff.

ENTER: April 16, 2020

Dwane L. Tinsley
United States Magistrate Judge